## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REGAN WILKES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CANYONS SCHOOL DISTRICT, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [33] PLAINTIFFS' MOTION FOR JOINDER** <br><br> Case No. 2:25-cv-00218-CMR <br><br> Chief Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 17). 28 U.S.C. § 636(c). Before the court is Plaintiff Regan and Brandon Wilkes', for and on behalf of minor child H.W. (Plaintiffs), Motion for Joinder seeking to add a defendant, Principal Shelly Karren (Principal Karren), pursuant to Federal Rules of Civil Procedure 19 and 21 (Motion) (ECF 33). Defendants Canyons School District and Canyons Board of Education (Defendants or the District) oppose the Motion (Opposition) (ECF 35). Plaintiffs have not submitted a reply, and the time to do so has passed. *See* DUCivR 7-1(a)(4)(D)(iii) ("A reply may be filed within 14 days after service of the response."). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the following reasons, the Motion is DENIED.

### I.    LEGAL STANDARDS

Federal Rule of Procedure 19 governs whether an absent party is necessary and/or indispensable to an action. *See* Fed. R. Civ. P. 19(a)-(b); *accord Wolf Mountain Resorts, LC v. Talisker Corp.*, No. 2:07-CV-00548DAK, 2008 WL 65409, at *3 (D. Utah Jan. 4, 2008) (explaining despite the 2007 amendments to Rule 19, "the court employs a three-part analysis in

determining the necessity and/or indispensability of an absent party.”). First, the court determines if the person is necessary; second whether joinder is feasible, and finally if joinder is not feasible, if the absent person is indispensable. *See Wolf Mountain*, 2008 WL 65409, at *3. Rule 19(a)(1), provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person’s absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person’s absence may:
>>> (i) as a practical matter impair or impede the person’s ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Because Plaintiffs are the moving party, they have the burden of establishing that joinder of Principal Karren as a plaintiff is required under Rule 19. *Ogden Ut Soleco Return, LLC v. Soleco, Inc.*, No. 1:14-CV-00050-TC, 2016 WL 843271, at *3 (D. Utah Mar. 1, 2016) (“As the moving party under Rule 19, the Defendants bear the burden of proof.”) (citing *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999)). Plaintiffs have failed to meet their burden, and for that reason, the Motion is DENIED.

## II.        DISCUSSION

### A.        Plaintiffs Fail to Show that the Court Cannot Grant Complete Relief Among the Existing Parties as Required by Rule 19(a)(1)(A).

As an initial matter, the court notes that Plaintiffs’ Motion is sparse in detail, lacks an explanation of the Rule or the legal standard for Rule 19, and fails to present supporting factual and legal argument. The Motion consists of four numbered paragraphs, none of which address why the court cannot grant complete relief among the existing parties as required by Federal Rule of Civil Procedure 19(a)(1)(A). Though not mentioned in the Motion, “[a] court is able to provide

complete relief when a potential party's absence 'does not prevent the plaintiffs from receiving their requested ... relief.'" *Hafen v. Taylor*, No. 2:19-CV-00896-TC, 2021 WL 3194367, at *2 (D. Utah July 28, 2021) (quoting *Sac and Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001)). Perhaps the only articulation that comes close to addressing a lack of complete relief is one sentence in the Motion that states: "Principal Karren is a necessary party for injunctive relief and for complete accountability" (ECF 33 at 2). No further explanation is provided. This does not demonstrate (i.e., detail, argue, or explain) why Principal Karren is necessary, and therefore why the court cannot grant complete relief. On that basis, the Motion is denied.

Moreover, in a Motion to Dismiss filed by Defendants (ECF 30), which the court has addressed recently (ECF 38), the issue of adding Principal Karren as a party did arise, although it was not cross-referenced in the present Motion. Plaintiffs' Amended Complaint, brought only against municipalities, seeks among other things, punitive damages under 42 U.S.C. § 1983, the Americans with Disabilities Act, *see* 42 U.S.C. §§ 12131–34, and the Rehabilitation Act, *see* 29 U.S.C. § 794 (ECF 26, Amend. Compl. ¶ 544(a), (c), (d)). Defendants argued in the Motion to Dismiss that punitive damages against municipalities are barred under Utah law and relevant statutes (ECF 30 at 18 (citing *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1307 (10th Cir. 2003) (finding that punitive damages against municipal agencies are barred by both § 1983 and Utah law); and *Barnes v. Gorman*, 536 U.S. 181, 190 (2002) (finding that punitive damages may not be awarded in private suits brought under the ADA or § 504))). Plaintiffs concede this point but argued in their Opposition to the Motion to Dismiss that they "have filed a Motion for Joinder to add Principal Shelly Karren as a named Defendant" for the purpose of exposing Defendants to punitive damages (ECF 32 at 12).

While none of this discussion regarding punitive damages was made clear in the present Motion, assuming it is true that Plaintiffs need to add an individual for the purposes of collecting punitive damages, such a showing may demonstrate that Principal Karren is a necessary party. Plaintiffs, however, provide no legal authority or explanation that establishes that the inability to recover punitive damages is tantamount to incomplete relief.

Furthermore, even if Plaintiffs had shown that Principal Karren was a necessary party, the Motion includes no discussion on feasibility. Where it is not shown that the absent party is necessary, "the analysis is complete." *Hafen*, No. 2021 WL 3194367, at *2. "If the absent party is necessary, the court then considers the second step of whether joinder of the party is feasible." *Id*. There is no discussion on feasibility in the Motion (ECF 33), and this is also a basis for denying the Motion.

Finally, it is not clear how Principal Karren is factually involved, as the Motion provides no facts to explain her involvement. Rather, only conclusory statements are made in the Motion that she was the head administrator at Indian Hills and engaged in "intentional discriminatory actions against Plaintiffs" (ECF 33 at 2). Therefore, it is unclear how she is alleged to have engaged in such acts, as there are no explanatory details.

**B.     Plaintiffs Have Not Demonstrated that Principal Karren has an Interest in this Case as Required by Rule 19(a)(1)(B).**

Under Rule 19(a)(1)(B), joinder is not required "if the moving party merely asserts that 'the absent party has some potential interest relating to the subject of the action.' 'Instead, a necessary party under Rule 19(a)(1)(B) must *claim* an interest relating to the subject of the action.' '[T]he absent party ... must be the one claiming the interest.'" *Halvorsen*, 2026 WL 184527, at *1 (quoting *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2024 WL 4241350, at *3 (D. Utah Sept. 19, 2024)). Plaintiffs do not make any assertion or argument on this point. Defendants assert they

could not make this argument because the interests of Principal Karren and the named Defendants in defending the claims are identical (ECF 35 at 5). In support of this, Defendants cite to *Hafen*, which explains "[t]he Tenth Circuit has recognized that joinder of an absent party is not necessarily required if the absent party's interests are fully represented by the present parties." 2021 WL 3194367, at *4 (citing *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1412 (10th Cir. 1996)). Where Plaintiffs intentionally did not submit a reply (ECF 36), there is no counter to this argument. Plaintiffs have therefore failed to demonstrate that Principal Karren has an interest in this case.

### C.    Plaintiffs Fail to Support Application of Rule 21.

Other than a reference in the first sentence of the Motion (ECF 33 at 1), Plaintiffs offer no explanation for why Federal Rule of Civil Procedure 21 is relevant and should be applied by the court. Rule 21 states, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Plaintiffs offer no argument for the application of Rule 21, and the court declines to guess why it should be applied. Plaintiffs are admonished to properly support motions filed with the court going forward.

### III.    CONCLUSION

For the foregoing reasons, the Motion is DENIED without prejudice.

DATED this 20 March 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah