**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| REGAN WILKES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CANYONS SCHOOL DISTRICT, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION AND ORDER IMPOSING SANCTIONS**<br><br>Case No. 2:25-cv-00218-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter came before the court due to the various citations to non-existent case law as identified in Defendants' Motion to Dismiss (ECF 30). Specifically, as identified by Defendants in the Motion to Dismiss, the Amended Complaint relies on non-existent case law to support the Second and Sixth Causes of Action (*id*. ¶¶ 426–441, 535–536). In the court's March 17, 2026, Memorandum and Decision Granting in Part Defendants' Motion to Dismiss (March 2026 Order), the court reserved ruling on the Second and Sixth Causes of Action and instead set an Order to Show Cause hearing to address the non-existent case law, as well as possible sanctions (ECF 38). On April 14, 2026, the court held the Order to Show Cause Hearing; counsel for Plaintiffs, Tyler Ares and Amy Martz, and counsel for Defendants were present (ECF 42). After consideration of all the arguments, the court rules as follows:

## I.      Rule 11 Violation and Sanction.

During the April 14, 2026, Order to Show Cause Hearing, the court heard from Plaintiffs' counsel regarding the use of non-existent case law. While Plaintiffs' counsel admitted that Artificial Intelligence (AI) was used, they asserted that it was only used to polish/refine the original writing of the attorneys. They claimed that their original writing included the correct/real case names, but that when the writing was put into the AI software to polish the writing, it must have,

for reasons unknown to counsel, distorted the cases. In support, Plaintiffs filed a Response to Order to Show Cause (Supplement) (ECF 41) in which they cited the "correct" cases that were allegedly intended to be included prior to any AI distortion.

Defendants, during the hearing, asserted that they were wary of Plaintiffs' explanation, given that the holdings of the "correct" cases were not the holdings that were cited to in the Amended Complaint, and likewise were not cited in Plaintiffs' Opposition to the Motion to Dismiss. Defendants requested that the court, at a minimum, award attorney fees incurred due to the use of non-existent case law. Further, Defendants requested that the court impose, as a sanction, a dismissal of the entire Amended Complaint; or, in the alternative, grant partial or full dismissal of the Second Cause of Action as a sanction[1] as requested by Defendants in their Motion to Dismiss.

The court ordered the parties to meet and confer to determine whether they could stipulate to a monetary amount that Plaintiffs would pay Defendants for the attorney fees incurred. The parties have met and conferred and stipulated that Plaintiffs will pay Defendants $7,000 (ECF 43).

Rule 11(b) provides, in relevant part, that by presenting any pleading, motion, or other paper to the court, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b). This professional responsibility is nondelegable. *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation."). "If, after notice and a reasonable

---

[1] Defendants initially asked for dismissal of both the Second and Sixth causes of action, however, at the hearing Plaintiffs agreed to voluntarily dismiss the Sixth Cause of Action (ECF 42). That claim has hence been dismissed.

2

opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11(c) further provides that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id*. 11(c)(4).

The Tenth Circuit recently ruled that relying on non-existent cases or citing actual cases that do not support the asserted propositions is sufficient grounds to dismiss an appeal before the Tenth Circuit. *Sifuentes v. Capital One*, No. 25-4123, 2026 WL 322610, at *2 (10th Cir. Feb. 6, 2026). *Sifuentes* highlights the seriousness of using non-existent cases and that such use is sufficient to dismiss the entire case, not just the claims which the non-existent case purports to support.[2] Furthermore, this is not the first time that Plaintiffs' counsel has been admonished by this court for the improper use of AI (*see* Order to Show Cause (ECF 54), *Moulder v. Davis School District*, No. 1:25-cv-00052-TS-CMR (D. Utah Jan. 28, 2026)). Although Plaintiffs' counsel provided an explanation for the non-existent case law, the court is skeptical of Plaintiffs' explanation for the reasons articulated by Defendants.

The court finds that Plaintiffs' counsel, Tyler Ares and Amy Martz, violated their professional responsibilities under Rule 11(b) by failing to reasonably verify the existence and accuracy of the non-existent cases and case law cited within Plaintiffs' Amended Complaint. Accordingly, the court will impose sanctions pursuant to Rule 11(c)(1).

In light of the parties' stipulation, the court hereby ORDERS Plaintiffs' counsel to pay Defendants' $7,000 to reimburse Defendants' legal expenses incurred as a result of the use of non-

---

[2] *See also Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *2–3 (10th Cir. Dec. 3, 2025); *Amarsingh v. Frontier Airlines, Inc.*, No. 24-1391, 2026 WL 352016, at *5–8 (10th Cir. Feb. 9, 2026) (ECF 37 at 2). Both cases support the seriousness of using non-existent cases and holdings and the sanctions that can result from such actions.

existent case law. The court also notes in the *Moulder* case cited above, Plaintiffs' counsel has been ordered to successfully complete two (2) continuing legal education (CLE) courses relating to AI ethics and professional responsibility within the legal profession. Because Plaintiffs' counsel already has an outstanding requirement to attend two CLE courses relating to AI, the court determines that a monetary sanction of $7,000 is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated. Accordingly, the court denies Defendants' request that the court, as a sanction, dismiss the Amended Complaint or, in the alternative, partially or fully dismiss the Second Cause of Action.

## II.    Partial Dismissal of the Second Cause of Action.

Although the court declines full or partial dismissal of Plaintiffs' Second Cause of Action as a sanction, the court herein issues its ruling on the scope of the Second Cause of Action as requested in Defendants' Partial Motion to Dismiss (ECF 30). For the following reasons, the court GRANTS Defendants' request to partially dismiss the Second Cause of Action as articulated in Defendants' Partial Motion to Dismiss (ECF 30).

Plaintiffs' Second Cause of Action asserts violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (IDEA) (ECF 38 ¶¶ 290–443). As indicated in the March 2026 Order, the court took the Second Cause of Action under advisement (ECF 38), and in doing so explained that IDEA provides that a due process complaint "must allege a violation that occurred not more than two years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the due process complaint." 34 C.F.R. § 300.507(a)(2). This two-year limitation period is the statute of limitations on IDEA claims. *See Alex W. v. Poudre Sch. Dist. R-1*, 94 F.4th 1176, 1184 (10th Cir. 2024). The two-year limitation period may be tolled under certain circumstances. 20 U.S.C. § 1415(f)(3)(D). These circumstances

4

include when a "parent was prevented from requesting [a] hearing due to—(i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent." *Id.*

Defendants seek a partial dismissal of Plaintiffs' IDEA claim, asserting that it should be "limited to violations that occurred not more than two years before October 16, 2024," the date on which Plaintiffs filed their Due Process Complaint (ECF 30 at 12–14). The Amended Complaint asserts that "Courts differ on whether the two-year period starts from the date of the alleged violation, the date the parent knew or should have known about the violation, or some other event" (Am. Compl. ¶ 427). However, the cases cited by Plaintiffs in support of various interpretations and applications of the statute of limitations do not exist.[3]

Plaintiffs had an opportunity to address this issue in their Opposition to the Partial Motion to Dismiss, but they failed to do so (*see* ECF 32). Instead of addressing the issue in their Opposition, Plaintiffs filed the Supplement (ECF 41), in which they argue that the cases do exist, and that AI merely distorted them (*see id.*). The court declines to consider the Supplement, finding that a consideration of the Supplement essentially grants Plaintiffs another bite at the apple. As articulated by Defendants during the hearing, the holdings of the "real/actual" cases identified in the Supplement are not the holdings relied upon in the Amended Complaint. As such, the Supplement, by providing new case law not included in the Amended Complaint, is an attempt to amend a complaint. This court has held that it is improper to amend a complaint through a brief in opposition to a motion to dismiss. *See Ayres v. Portfolio Recovery Associates, LLC*, No. 2:17-CV-

---

[3] The non-existent cases are: "9th Circuit (in *F.C. v. Capistrano Unified School District*)" (Am. Compl. ¶¶ 428, 432); "4th *Circuit in A.D. v. Puyallup School District No. 3*, 2015" (*id.* ¶ 430); and "6th Circuit in *A.S. v. Norwalk Public Schools* (2017)" (*id.* ¶ 436).

01088-DN, 2018 WL 6706021, at *1 (D. Utah Dec. 20, 2018) (finding that a party "cannot amend [its] complaint through a brief in opposition to [a] motion to dismiss.") (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)). Under this same reasoning, the court declines to consider the Supplement as it is an impermissible attempt to amend the complaint. Therefore, the court finds that the Amended Complaint, as written, does not sufficiently plead a claim that the statute of limitations should be given any alternative interpretations or application.

In addition to arguing for an alternate interpretation of the statute of limitations, Plaintiffs' Opposition clarifies that they are also asserting that certain "misrepresentations" tolled the statute of limitations pursuant to 20 U.S.C. § 1415(f)(3)(D) (ECF 32 at 7–8). In support, Plaintiffs cite various alleged misrepresentations referred to in the Amended Complaint (*id.* (citing Am. Compl. ¶¶ 59, 60, 313, 318)). Defendants assert that this claim is insufficiently pled because the Amended Complaint fails to plead that "the parent was prevented from requesting the hearing due to [the specific misrepresentation(s)]" (ECF 34 at 6 (quoting 20 U.S.C. § 1415)). The court agrees with Defendants and finds that the Amended Complaint does not adequately plead that the alleged misrepresentations prevented Plaintiffs from seeking a hearing earlier.

Accordingly, the court GRANTS Defendants' Motion for Partial Dismissal (ECF 30) without prejudice, and ORDERS that Plaintiffs' Second Cause of Action for violations of IDEA be "limited to violations that occurred not more than two years before October 16, 2024," the date on which Plaintiffs filed their Due Process Complaint (*see id.* at 12–14).

DATED this 4 May 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

6